You understand?

    [CASTILLON]: Yes.

    THE COURT: Okay. So we both—

    [DEFENSE COUNSEL]: And, your Honor, Ms. Castillon—Ms. Castillon doesn't wanna—she doesn't wish to testify, your Honor.

THE COURT: Okay.

After defense counsel interjected and stated that Castillon did not want to testify, the District Court accepted defense counsel's representation and did not obtain a response on the record from Castillon. This was insufficient to satisfy Tachibana. See State v. Staley, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999).

### B.

 In Tachibana, the Supreme Court recognized that a defendant's constitutional right to testify is a personal constitutional right that may not be waived by defense counsel as a matter of trial strategy, but may be relinquished only by the defendant. Tachibana, 79 Hawai'i at 232, 900 P.2d at 1299. One of the purposes of the Tachibana inquiry is to ensure that the decision not to testify is truly the decision of the defendant, and not that of his or her attorney. In other words, to ensure that the defendant's attorney does not prevent a defendant who wants to testify from exercising his or her right to testify. Given the purpose of the Tachibana inquiry, a representation by the defendant's attorney is not enough.

In Staley, the Hawai'i Supreme Court held that the trial court's failure to obtain an on-the-record waiver directly from Staley, but instead relying on the representation of Staley's counsel that Staley would not be testifying, violated Tachibana and did not constitute a valid waiver of Staley's right to testify. Staley, 91 Hawai'i at 287, 982 P.2d at 916. Based on Staley, we conclude that the District Court in this case did not obtain a valid waiver from Castillon of her right to testify. We further conclude that the District Court's error was not harmless beyond a reasonable doubt. See State v. Hoang, 94 Hawai'i 271, 279-80, 12 P.3d 371, 379-80 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to ask Castillon at that time for a decision on

testify had on the outcome of any particular case."). Accordingly, we vacate Castillon's DWOL conviction.

### CONCLUSION

The statutory exceptions to the DWOL offense constitute defenses to, and not essential elements of, the DWOL offense. The State presented sufficient evidence at trial to prove the DWOL charge against Castillon. However, because the District Court did not obtain a valid waiver of Castillon's right to testify as required by Tachibana, we vacate the District Court's Judgment and remand the case for a new trial on the DWOL charge.

398 P.3d 837

**BANK OF AMERICA, N.A., Successor by Merger to Bac Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, Plaintiff-Appellee,**

v.

**Grisel REYES-TOLEDO, Defendant-Appellant,**

and

**Wai Kaloi At Makakilo Community Association, Makakilo Community Association, and Palehua Community Association, Defendants-Appellees**

and

**John Does 1-50, Jane Does 1-50, DOE Partnerships 1-50, DOE Corporations 1-50, DOE Entities 1-50, and DOE Governmental Units 1-50, Defendants**

**NO. CAAP-15-0000005**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i, July 21, 2017.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT (CIVIL NO. 12-1-0668)

<u>SUMMARY DISPOSITION ORDER</u>

Vacated. Remanded.

whether she would be testifying.